United States District Court
Southern District of Texas
**ENTERED**
February 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA DEL ROSARIO DOMINGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 5:18-CV-23 |
| | § | |
| TARGET CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3).  This case has been referred, by order of the District Court, to the United States Magistrate Judge for an evaluation of the Defendant's Motion to Dismiss (Dkt. No. 31) under Federal Rule of Civil Procedure 12(b)(6).  Because the Plaintiff's Second Amended Complaint contains sufficient factual matter to state a plausible claim for relief, the undersigned now **RECOMMENDS** that the District Court, after an independent and *de novo* review of the record, **DENY** the Defendant's Motion to Dismiss.  (Dkt. No. 31.)

### I.    Procedural History

This case was removed from the 111th District Court of Webb County, Texas, on February 16, 2018, on the grounds of diversity between the parties.  (Dkt. No. 1.)  On May 30, 2018, Plaintiff filed her First Amended Complaint seeking damages for injuries allegedly sustained from a fall on the premises of Defendant's store.  (Dkt. No. 12 at 6.)  On June 20, 2018, Defendant filed a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for failure to state a claim.  (Dkt. No. 15.)  The District Court granted the Motion to Dismiss on July 25,

2018, and gave Plaintiff leave to file an amended complaint.  (Dkt. No. 23.)  The District Court ruled that:

> In sum, to maintain a premises-liability claim against Defendant, Plaintiff needed to show sufficient factual allegations which, accepted as true, would allow the Court to draw the reasonable inference Defendant had either actual or constructive knowledge of the water hazard that Plaintiff slipped in.  She has not alleged that Defendant or its employees either placed that water on the floor or otherwise actually knew of its presence.  To demonstrate constructive knowledge of the defect, she needed to allege some facts indicating "how long the hazard was there."

*Id*. at 5–6 (internal citations omitted).  On August 10, 2018, Plaintiff filed her Second Amended Complaint which was substantially longer and included photographic exhibits.  (Dkt. No. 27.) Defendant filed a Motion to Dismiss the Second Amended Complaint on August 24, 2018, on the grounds that the Complaint again failed to state a claim upon which relief can be granted. (Dkt. No. 31.)  This Court stayed all discovery until the District Court rules upon Defendant's Motion to Dismiss.  (Dkt. No. 34.)  The second Motion to Dismiss was referred to the Court on September 13, 2018, and the Parties have made their arguments.  (Dkt. Nos. 33, 35, 37, 39, 40.)

## II.   12(b)(6) Motion to Dismiss Legal Standard

"Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief.  The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal citations and alterations omitted).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (citations and marks omitted).

A complaint may be dismissed by the court for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). However, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal citation omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence." *Twombly*, 550 U.S. at 556. A complaint is not required to provide "detailed factual allegations . . . [but it] requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 555 (internal citation omitted). "A well-pleaded complaint may proceed even if it strikes a savvy judge that *actual proof of those facts is improbable*, and 'that a recovery is very remote and unlikely.'" *Id*. at 556 (emphasis added) (internal citations omitted). A complaint is sufficient if the "allegations are not so vague that [defendant] lack[s] notice of the contours of [plaintiff]'s claim." *Wooten*, 788 F.3d at 499. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts may require plaintiffs to specifically allege facts that they can be reasonably expected to possess.

> *For example, in a suit for personal injuries caused by the defendant's alleged negligence, some courts have required the plaintiff to assert specifically the time and place where the injury occurred,* presumably as a means of providing sufficient notice to enable the defendant to form a response.

Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1309 (4th ed. 2018) (emphasis added) [hereinafter *Wright & Miller*].   But some claims do not need to be factually supported in the complaint, instead, plaintiffs may proffer these facts on the basis of what they expect to find in discovery.   The rule is that plaintiffs must identify "the factual contentions [that] have evidentiary support or, *if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery*."   FED. R. CIV. P. 11(b)(3) (emphasis added).   This type of pleading is allowed for prudential reasons:

> But beyond the technical question of authority, permitting allegations on information and belief is a practical necessity. *How else can a pleader avoid the appearance of perjury when he is without direct personal knowledge regarding one or more of the allegations necessary to his claim and therefore must plead on a less certain footing?* Pleading on information and belief is a *desirable and essential expedient when matters that are necessary to complete the statement of a claim are not within the knowledge of the plaintiff* but he has sufficient data to justify interposing an allegation on the subject.

*Wright & Miller*, at § 1224 (3rd ed. 2018) (emphasis added).[1]   The Fifth Circuit Court of Appeals shares this view, ruling that "'information and belief' pleadings are generally deemed permissible under the Federal Rules, especially in cases in which the information is more accessible to the defendant."   *Johnson v. Johnson*, 385 F.3d 503, 531 n.19 (5th Cir. 2004) (citing *Wright & Miller* at § 1224).

---

[1] This section of *Wright & Miller* has been cited by multiple Fifth Circuit district courts.   *See Rodriguez v. Target Corporation*, EP–09–CV–301–DB, 2010 WL 11601211, at *4 (W.D. Tex. Jan. 4, 2010) (finding that in an employment discrimination suit, defendant was in the "best position to know whether Plaintiff was replaced by someone younger or whether her duties were assumed by younger employees. By signing the Second Amended Complaint, Plaintiff's counsel of record indicates his belief, to the best of his knowledge, that there appears to be good ground to support this pleading."); *Griffin v. HSBC Mortgage Services, Inc.*, 2016 WL 1090578, at *13 (N.D. Miss. Mar. 18, 2016) ("Given that this information is more accessible to [Defendant], the Court finds that [Plaintiff's] information and belief pleading is sufficient to withstand [Defendant's] instant challenge."); *Brickley for Crypto Metrics, Inc. Creditors' Trust v. ScanTech Identification Beams Sys.*, LLC, 566 B.R. 815, 854 (W.D. Tex. Mar. 2, 2017) ("In the Fifth Circuit, the heightened pleading standards of Rule 9(b) may be relaxed, and fraud may be pled on information and belief, where 'the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge.'" quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003)).

4

When evaluating a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Fifth Circuit's "principle [is] that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018).   The Fifth Circuit recently explained that pre-discovery:

> The Twombly plausibility standard, which applies to all civil actions, . . . does not prevent a plaintiff from 'pleading facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible.

*Id*. (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010)).   The Fifth Circuit and its district courts utilize this principle in the treatment of ERISA complaints,[2] prisoner litigation,[3] contractual disputes,[4] fraud,[5] asbestos litigation,[6] insurance claims,[7] and the issue of

---

[2]  On ERISA complaints:

> While a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, *we must also take account of his or her limited access to crucial information*.   This is because if plaintiffs cannot state a claim without pleading facts which tend systemically to be in the sole possession of defendants, the remedial scheme of the statute will fail, and the crucial rights secured by ERISA will suffer.

*Innova*, 892 F.3d at 730 (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009)) (emphasis added) (quotation marks and citations omitted).

[3] *Loosier v. Unknown Med. Doctor*, 435 Fed. App'x 302, 307, (5th Cir. 2010) (a prisoner did not have to allege that a doctor was contracted by the state government to provide services because "we do not require plaintiffs to plead facts peculiarly within the knowledge of defendants.").

[4] *Energy Intelligence Group, Inc. v. Bank of Am., N.A.*, No. 4:17–CV–3767, 2018 WL 3303166, at *7 (S.D. Tex. July 5, 2018) ("Evidence of [defendant] employees' conduct regarding the other four publications is 'peculiarly within the possession and control of the defendant.' . . .   In such cases, the plaintiff may allege facts upon information and belief." (internal citations omitted)).

[5] *Sys. One Holdings LLC v. Campbell*, No. B:18-cv-54, 2018 WL 4290459, at *8 (S.D. Tex. Aug. 21, 2018) (examining *Innova* in a fraud case and holding that plaintiff "has pled sufficient facts – based upon the information readily available to it – to show that it is not engaged in a fishing expedition or wild goose chase.").   The use of this principle to a fraud claim is noteworthy because such claims are subject to heightened pleading standards requiring that "[i]n alleging fraud or mistake, a party must state with *particularity* the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b) (emphasis added).

party citizenship.[8]   *Id*.   In the product liability context, for example, the Fifth Circuit has explained that requiring the pleading of "extremely 'detailed factual allegations' that satisfy each element of a products liability action . . . [would] create[] a situation where a manufacturer will not be held liable . . . because it has sole possession of the necessary document to ultimately prove the claim." *Flagg v. Stryker Corp.*, 647 Fed. App'x 314, 317 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678) (internal citations omitted).   The Fifth Circuit went on to explain that:

> *Twombly* and *Iqbal* were designed to avoid subjecting defendants to lengthy and expensive discovery when the plaintiff is merely on a fishing expedition. . . .   In this specific context, **we must remember that the question at the motion to dismiss stage is not whether [Plaintiff] has proven the elements to succeed on a products liability claim, or even whether he has made "detailed factual allegations."   The question is whether [Plaintiff] has plausibly alleged enough information that, with discovery, he could prove the Manufacturing Defendants are liable.**

*Id*. at 319 (emphasis added) (internal citations omitted).   Therefore, at the pre-discovery stage, a "[r]ule 12(b)(6) . . . motion only entails an examination of the sufficiency of the pleadings.   In contrast, a summary-judgment motion typically is based on the pleadings as well as any affidavits, depositions, and other forms of evidence relevant to the merits of the challenged claim or defense that are available at the time the motion is made." *Wright & Miller,* at § 2713.

    In evaluating a complaint, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid*

---

[6] *Carey Gomez v. Aardvark Contractors, Inc*, 2018 WL 5706319, at *2 (E.D. La. Nov. 1, 2018) (an asbestos case in which the court held that "the facts about composition of the insulation on the pipes at Nicholls State University are within the control of Nicholls State and likely cannot be known to Plaintiff without discovery, his information and belief pleading in this instance is permissible.").

[7] *Griffin v. TeamCare*, 909 F.3d 842, 846 (5th Cir. 2018) (plaintiff could generally allege that her insurance claim was underpaid because she "did not have the information necessary to allege with more detail where the plan's calculation of the usual and customary rate went astray.").

[8] *Rollins v. Fitts*, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) ("The membership of an LLC is not often publicly available information. . . .   Some courts, recognizing this problem, have permitted plaintiffs to allege the membership of LLC's upon information and belief.").

*Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal citation omitted).  Then the court "must also draw all reasonable inferences in the plaintiff's favor."  *Lormand*, 565 F.3d at 232 (internal citation omitted).  "Once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'"  *Twombly*, 550 U.S. at 563 (internal citation omitted).  "[T]he plaintiff is only required to plead a plausible cause of action; we are not authorized or required to determine whether the plaintiff's plausible inference . . . is equally or more plausible than other competing inferences."  *Lormand*, 565 F.3d at 267.

Federal Rule of Civil Procedure 12(b)(6) does "not countenance dismissal of a complaint for imperfect statement of the legal theory."  *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 346 (2014).  Nor is a plaintiff obliged to explicitly state every element of a prima facie case in the complaint.  *Wooten*, 788 F.3d at 499; *see also Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *4 (E.D. Tex. Feb. 13, 2016) ("In most patent cases, asking the plaintiff to provide an element-by-element analysis of the accused device in the complaint does not advance the goals of the Federal Rules of Civil Procedure."); *Haskett v. T.S. Dudley Land Co., Inc.*, 648 Fed. App'x 492, 495 (5th Cir. May 20, 2016) ("Plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." (internal citations omitted)).

### III.   Elements of a Premises Liability Claim

Having considered the pleading standard, the plaintiff bears the burden of proof on the following elements to prevail on a premises liability claim in Texas:

> **(1) the property owner had actual or constructive knowledge of the condition causing the injury;** (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) . . . [that] the risk was the proximate cause of injuries to the invitee.

7

*Garcia v. Wal-Mart Stores Tex., L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018) (emphasis added) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014)).   The Texas Supreme Court has ruled that actual or constructive knowledge can be proven by evidence that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."   *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).   Plaintiff's Second Amended Complaint alleges both options two and three.   (Dkt. No. 27 at 26.)   But while often considered simultaneously, actual and constructive knowledge are distinct concepts as explained by a Texas appellate court:

> "[A]ctual knowledge" requires the landowner to know that the dangerous condition existed at the time of the accident and not merely of the possibility that a dangerous condition could develop over time. . . .   In addition, "actual knowledge" is not constructive knowledge, the latter of which can be established by facts or inferences to show that a dangerous condition could develop over time.

*Riddle v. City of Abilene*, 478 S.W.3d 842, 847 (Tex. App.—Eastland 2015) (internal citations omitted).   "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 392 (Tex. 2016) (emphasis added) (internal citations omitted).   Another way a defendant's actual knowledge can be proven is by evidence that its employees were in the area or may have caused the hazard.   *See Jefferson Cty. v. Akins*, 487 S.W.3d 216, 229 (Tex. App.—Beaumont 2016) (a slip-and-fall case where defendant's employees had been mopping nearby).   Furthermore, an employee's actual knowledge of a hazard is attributable to the employer.   *See Simons v. City of Austin*, 921 S.W.2d 524, 528 (Tex.

App.—Austin 1996) ("[Employee's] testimony is direct evidence that the City, through its employee, had actual knowledge of the danger posed by the partition.").

In contrast, whether a defendant had constructive knowledge is a fact-specific "question [which] requires analyzing the combination of [the hazard's] proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). The longevity factor "is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Reece*, 81 S.W.3d at 816. "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Id.* The proximity and conspicuity factors are often considered together in light of the hazard's longevity, as demonstrated by the Texas Supreme Court:

> [I]f the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration.

*Id.*

In the Second Amended Complaint, Plaintiff alleges either that Defendant had actual or constructive knowledge. (Dkt. No. 27 at 26.) Defendant again moves to dismiss Plaintiff's lawsuit based on the first element, arguing that she has "pleaded no facts showing Target had actual or constructive knowledge of the alleged defect in this premises liability case." (Dkt. No. 31 at 1.)

9

## IV.    Sample Forms and Slip-And-Fall 12(b)(6) Motions to Dismiss

Examining the pleading standard described above, an inquiry into what it is required in a slip-and-fall complaint pre-discovery should begin with a review of some sample forms.  The Federal Procedural Form requires plaintiffs to describe the date, time, and place where the accident occurred.[9]  The Texas Jurisprudence Pleading and Practice Form likewise requires plaintiffs to plead the date and time of the incident, along with a brief description of what happened.[10]  But neither the Federal nor Texas forms suggest alleging when the hazard was created in a slip-and-fall complaint.  Utilizing these outlines, there are three recent Texas cases that provide persuasive analysis of what constitutes a sufficient complaint in a premises liability suit at the pre-discovery stage.

In *White v. Wal-Mart Stores, Inc.*, plaintiff admitted having no idea how long the hazard which caused her fall had existed when the court considered a 12(b)(6) motion to dismiss.[11]  No.

---

[9] The Federal form suggests plaintiffs plead the following:

> VI.  On *[date of injury]*, at *[time of injury]*, plaintiff, while lawfully and properly in *[name of federal building]* and while exercising due care for *[his/her]* safety, slipped and fell to the floor of the *[specification of area]*. As a direct and proximate result of the wrongful and negligent conduct of defendant's employees, and by reason of such fall, plaintiff suffered the following injuries: *[Description of injuries]*.

15A Fed. Proc. Forms § 63:62 (West Pub. 2018).  A form with similar requirements was favorably cited by the Fifth Circuit as sufficient.  *See Wooten*, 788 F.3d at 499.

[10]  The Texas form provides a model complaint which is excepted below:

> 7.  On *[date of incident]*, at approximately *[time of incident]*, *[[description of incident]/plaintiff was on the premises of defendants' grocery store for the purpose of purchasing some eggs. After entering the store, plaintiff proceeded to the dairy cooler to select some eggs when suddenly and without warning plaintiff slipped on an unknown substance and fell violently to the floor, causing plaintiff to sustain the serious injuries and damages described below]*.

10 Tex. Jur. Pl & Pr. Forms § 199:34 (West Pub. 2d ed. 2019).

[11] The factual portion of White's complaint states the following:

> 7.  On or about June 22, 2009, Plaintiff Sandra White was shopping at Wal-Mart store no. 915 located at 11210 West Airport Blvd., Stafford Texas 77477.  Plaintiff Sandra White while walking

CIV.A. H-11-2733, 2012 WL 401129 (S.D. Tex. Feb. 7, 2012).  But plaintiff still alleged that either an employee of defendant had placed the fruit she slipped upon the floor, or that it had been there long for defendant to have constructive knowledge.  *Id*. at *1.  As summarized by the court:

> [S]he does not know how the fruit got to the floor or how long it was there before she slipped.  She also stated that she did not see any employees working in that aisle or area.  *However, as noted above, Plaintiff need not have witnessed personally the underlying facts for every element of her claim.*

*Id*. at *4.  There, despite plaintiff's admitted ignorance, her allegations that the fruit was dropped by one of defendant's employees and had been there long enough to create constructive knowledge on defendant's part were sufficient to survive a 12(b)(6) motion to dismiss.  *Id*. at *2.  The motion to dismiss was denied because "[p]laintiffs are allowed to allege information in their complaints on information and belief, or based on information that other witnesses may have seen.  It is the duty of the Court to accept these facts as true, without considering whether or not Plaintiff personally witnessed each incident."  *Id*.  The court concluded by holding that:

> Plaintiff need not allege the specific amount of time that the fruit was on the floor; *it is enough at this stage that she stated that "the substance was on the floor for a long period of time."*  As Plaintiff argues, the precise amount of time that the substance was on the floor can be discovered through witness statements and video footage.  Accordingly, Defendant's Motion is denied with respect to the premises liability claim.

*Id*. (emphasis added) (internal citations omitted).

---

from one section of the store to another in a very wide aisle, all of a sudden while in the store, she slipped on the floor and severely injured her knee and hand.  At the time of her fall there were no warning signs indicating slippery surface.  At or around the time of the fall, Wal-Mart employees were transporting merchandise for stacking through the aisle Plaintiff slipped.

Pl.'s First Am. Compl. at 2-3, 4:11-CV-2733, Dkt. No. 10.

In *Charles Plata v. Chipotle Mexican Grill, Inc.*, a federal district court also ruled upon whether the complaint sufficiently alleged defendant's constructive notice.  No. CV H-15-2436, 2016 WL 126420 (S.D. Tex. Jan. 12, 2016).[12]  The plaintiff slipped and fell moments after a tea dispenser malfunction spilled liquid onto the floor.  *Id*. at *2.  Plaintiff only made the summary allegation that defendant "knew or should have known" the machine was hazardous.  Original Pet., at 2.  Nevertheless, the court denied defendant's 12(b)(6) motion to dismiss because "[a]t this stage, where no discovery has been conducted, [plaintiff] is not required to present (i) the precise reason(s) for why the tea dispenser malfunctioned, or (ii) *definitive proof that Defendants had actual or constructive knowledge of the alleged malfunctioning tea dispenser*."  *Plata*, at *2 (emphasis added).

*McCarty v. Hillstone Rest. Grp., Inc.* likewise examined whether a plaintiff's slip-and-fall premises liability complaint could survive a 12(c)[13] motion to dismiss on the grounds that defendant's actual or constructive knowledge was insufficiently plead.  No. 3:15-CV-518-L, 2015 WL 7076474, at *2 (N.D. Tex. Nov. 12, 2015).  The only evidence defendant knew or should have known the floor tiles were slick was circumstantial – the tiles were outside a kitchen

---

[12] The factual portion of Plata's complaint states the following:

> 6.  On or about July 10, 2015, Plaintiff was an invitee at a Chipotle Restaurant in Harris County, Texas. Defendant Fairway owned the property that Plaintiff was visiting, which is located at 5759 Fairmont Parkway, Pasadena, Texas 77505. Defendant Chipotle owns and/or conducts active operations on the subject premises. As Plaintiff was serving himself at the restaurant's beverage station, a tea dispenser (or "tea urn") broke and/or popped open, spilling tea onto Plaintiff and the floor. Plaintiff attempted to move away from the beverage station, but lost his footing on the newly wet floor. Consequently, Plaintiff suffered serious injuries to his back, hip and other parts of his body.

Pl.'s Original Pet. and First Set of Disc. at 2, 4:15-cv-2436, Dkt. No. 1-3.

[13] While not a 12(b)(6) motion to dismiss, the district court "applie[d] the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."  *McCarty*, 2015 WL 7076474, at *1.

doorway and defendant's employees constantly traversed the area as they served customers. *Id*.
at *3. Defendant argued that the complaint failed to state a premises liability claim because it
offered no allegation as to how long the floor tiles had been slick. *Id*. at *4. However, the court
ruled that this allegation was unnecessary because:

> The factual allegations of the Amended Complaint allow the court to make *a
> reasonable inference that each of the elements of a premises liability claims has
> been sufficiently pleaded. A pleader is not required to allege each and every fact
> that may be relevant to his or her claim.* Such a requirement would necessarily
> run counter to the pleading standard contemplated under Rule 8.

*Id*. at *5 (emphasis added). The court concluded by advising defendant that if he "believes that
proof is lacking as to any of the elements necessary for Plaintiffs to prevail on a claim for
premises liability, it must address the matter by way of summary judgment." *Id*.
Approximately, ten months later and after discovery, the case was dismissed on a summary
judgment motion which was affirmed by the Fifth Circuit on appeal because no "evidence tends
to establish how long the substance was there." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d
354, 359 (5th Cir. 2017); *see McCarty v. Hillstone Restaurant Group*, 2016 WL 5085865 (N.D.
Tex. Sept. 19, 2016). *McCarty* highlights the difference between the pre-discovery pleading
standard versus the post-discovery summary judgment standard.

While not binding, the sample forms and decisions of other federal district courts on
Texas slip-and-fall claims removed through diversity have persuasive value in showing how the
pleading standard has been upheld. None of these district courts dismissed Texas premises
liability claims for failure to factually allege when the hazard was created in the pre-discovery
complaint, and the sample forms do not suggest including that information. Now the Court turns
to Plaintiff's Second Amended Complaint to determine whether it has failed to state a claim for
relief as required by Federal Rule of Civil Procedure 8(a).

## V.      Plausibility of Plaintiff's Actual Knowledge Allegation

Holding Plaintiff's Second Amended Complaint to the pleading standard, the first allegation is that Defendant had actual knowledge.  (Dkt. No. 27 at 26.)  Several pleaded facts are particularly relevant to the allegation that Defendant had actual knowledge of the hazard which allegedly caused Ms. Dominguez to fall.   First, Defendant allegedly controlled the premises in question.  (*Id.* at 3.)  Plaintiff allegedly slipped and fell after entering the Target women's restroom at approximately 2:05 P.M. on November 29, 2017.  (*Id.* at 4.)  The water on which Plaintiff allegedly slipped was only a few steps from the restroom entrance.  (*Id.*)  Defendant's employees were charged with cleaning the restroom, although it is alleged that they failed to do so in the hours leading up to the incident.  (*Id.* at 8.)  Plaintiff also submits a task log as new evidence, which allegedly shows that an employee of Defendant marked the restroom cleaning duties as having been performed multiple times that day.  (*Id.*)  Viewing the task log in the light most favorable to the Plaintiff, this employee, Defendant's front end department leader, might have indicated that she inspected the restroom within two hours of Plaintiff's alleged accident based on her initials.  (*Id.*)  Furthermore, Plaintiff alleges an important new fact in the Second Amended Complaint based on recently obtained videotape evidence:

> [A]t least one [female] Defendant employee entered the bathroom hallway in such a close proximity in time to when Ms. Dominguez's slip and fall injury occurred that the dangerous and hazardous slip and fall conditions . . . would have been readily observable.

(*Id.* at 11–12.)   Plaintiff later argued for the inference that when an employee "enters the 'bathroom hallway' [she] does so to use the [women's] bathroom whereupon the condition of the bathroom floor would [have] become evident."  (Dkt. No. 33 at 8–9.)  Defendant counters by arguing that "the hallway lead[s] to three restrooms [presumably one apiece for women, men and

14

family], including the restroom where the Plaintiff claims she fell. . . .  Plaintiff did not plead and could not in good faith plead that this employee entered the restroom at issue." (Dkt. No. 31 at 4.)

Whether an employee who was near a hazard had actual knowledge of it is an example of "discoverable information [that] is in the control and possession of a defendant" at this pre-discovery stage. *Innova*, 892 F.3d at 730. Likewise, what the employee who initialed the task log knew about the condition of the restroom is information only available to the Defendant. (Dkt. No. 27 at 8.)  After all, Defendant may question its employees while Plaintiff has not yet conducted discovery.  As such, "it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Innova*, 892 F.3d at 730. Furthermore, the Fifth Circuit instructs the Court to take "account of [plaintiff's] limited access to crucial information" prior to discovery. *Id*. at 731 (internal citation omitted).

Plaintiff has alleged on the basis of the new videotape evidence that an employee of Defendant was in close proximity to the hazard and it is her belief that the employee had actual knowledge of it. (Dkt. No. 27 at 11−12, 26.) The water on which Plaintiff slipped was allegedly close to the door, making it plausible that an employee who entered the bathroom saw it.  (*Id*. at 4.) Furthermore, an inference can be made that the front end department leader inspected or received a report on the bathroom which caused her to initial the 12:30 P.M. slot in task log, plausibly learning about the hazardous condition.  (*Id*. at 8.)  Viewing these facts in the light most favorable to the Plaintiff, and making all reasonable inferences in her favor, the Plaintiff has sufficiently pleaded and given Defendant notice that it allegedly actually knew about the water on the bathroom floor through its employees. *See Simons*, 921 S.W.2d at 528.

While Defendant's alternative hypotheses are also possible "at the pleading stage, the plaintiff is only required to plead a plausible cause of action; we are not authorized or required to determine whether the plaintiff's plausible inference . . . is equally or more plausible than other competing inferences." *Lormand*, 565 F.3d at 267. Discovery will reveal evidence on the issue of whether Defendant had actual knowledge through its employees. *See Twombly*, 550 U.S. at 556. At this pre-discovery stage, the pleaded facts are sufficient to show that Plaintiff is not "merely on a fishing expedition." *Flagg*, 647 Fed. App'x at 319.

## VI.   Plausibility of Plaintiff's Constructive Knowledge Allegation

The allegations which make Defendant's constructive knowledge plausible are the same as those discussed in the previous section on actual knowledge. Defendant argues that Plaintiff's Second Amended Complaint should be dismissed because it "alleges no facts to show how or when the water got on the floor, or how long the water was on the floor before the accident." (Dkt. No. 31 at 4.)

The shortcoming in Defendant's argument is that almost every plaintiff in a slip-and-fall case is caught unawares by what they slip upon. If a plaintiff is aware of the hazard before the accident, such as by knowing how and when it was created, the defendant will usually win on the grounds that the risk was accepted. As explained by the Texas Supreme Court:

> When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises.

*Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (internal citation omitted). If Plaintiff knew when and how the hazard was created, she would likely be barred from arguing

16

that the risk was unreasonable.  It is precisely Plaintiff's prior ignorance of the hazard which makes her claim for relief possible.  This illustrates why temporal evidence is not expected in the sample Federal and Texas slip-and-fall complaint forms.  *Supra* footnotes 9, 10.

Arthur R. Miller critiqued the standard espoused by Defendants, requiring pre-discovery pleading of temporal evidence, when it was used by another federal court in a slip-and-fall case:

> The court dismissed the action because *the plaintiff failed to plead what the substance on the floor was, how it got there, how long it had been there, and whether anyone else had slipped and fallen. How was the plaintiff supposed to know these things without discovery?* It is fortunate that a few courts have taken the circumstances of a particular case's context into account and expressed a willingness to apply Twombly and Iqbal differentially.

*Simplified Pleading, Meaningful Days in Court, and Trials on the Merits: Reflections on the Deformation of Federal Procedure*, 88 N.Y.U. L. Rev. 286, 345–46 (2013) (internal citations omitted) (emphasis added).  Plaintiffs often cannot know crucial facts, such as when a hazard was created, before discovery.  Federal Rule of Civil Procedure 11(b)(3) accounts for this initial limitation by allowing plaintiffs to plead contentions which "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  This is also why the Fifth Circuit instructs us to "take account of [plaintiff's] limited access to crucial information" when evaluating complaints before discovery has taken place.  *Innova*, 892 F.3d at 730–31.  A complaint is sufficient when there "is enough fact to raise a reasonable expectation that discovery will reveal evidence."  *Twombly*, 550 U.S. at 556.

If Defendant's heightened pleading standard were adopted, it would result in different outcomes in many of the previously examined cases.  In *White*, the plaintiff admitted that she had no idea how long the hazard had existed, but the court still accepted the pleadings and allowed her to conduct discovery.  2012 WL 401129, at *4.  Likewise, the *Plata* plaintiff  could offer no

factual allegation on how long the restaurant knew about the malfunctioning tea dispenser.  2016 WL 126420, at *2.  The court still denied the motion to dismiss because the "inference may fairly be drawn that evidence on these material points will be addressed at trial."  *Id.*  (quoting *Jenkins v. De La Paz*, 124 F. App'x 265, 267 (5th Cir. 2005)).  The plaintiff in *McCarty* also would have been dismissed on the pleadings because she could not factually allege how long the restaurant's floor tiles were slippery.  2015 WL 7076474.  But instead plaintiff was given the opportunity to conduct discovery and only lost upon a summary judgment motion after failing to produce evidence.  *Id.*; *McCarty*, 864 F.3d 354.  Defendant's pleading standard would bar these and all other plaintiffs, who have shown that they are not merely on fishing expeditions, from even investigating their claims through discovery.  *Flagg*, 647 Fed. App'x at 319.  All of these cases come after the Supreme Court's decisions in *Iqbal* and *Twombly*, demonstrating that Defendant seeks a pleading standard higher than that used by district courts in similar Texas cases.

According to the Complaint, Plaintiff allegedly slipped and fell upon some water after taking a few steps into Defendants' restroom.  (Dkt. No. 27 at 4.)  At this stage in the litigation, where almost no discovery has taken place aside from what Defendants voluntarily provided, the Complaint is essentially Plaintiff's firsthand account.  But Ms. Dominguez cannot be expected to make a meaningful factual allegation on how long the hazard existed when she was only in the bathroom momentarily before falling.  (*Id.*)  In contrast, Defendant allegedly controlled the restroom and what its employees knew or should have known about the hazard is "peculiarly within [its] knowledge."  *Loosier*, 435 Fed. App'x at 307 (internal alterations omitted).  Furthermore, the fact that employees of Defendant may have used or inspected the restroom within two hours of Plaintiff's accident, based on the videotape and task log newly submitted

into the record, "is enough fact to raise a reasonable expectation that discovery will reveal evidence." *Twombly*, 550 U.S. at 556; (Dkt. No. 27 at 8, 11−12.)  Plaintiff should be allowed to conduct discovery to learn what these employees, including Defendant's front end department leader, saw during inspections, or learned from any reports, or discovered during usage.  (Dkt. No. 27 at 8−9.)  If Plaintiff is required to plead when the hazard was created then Defendant will win simply "because it has sole possession of the necessary" information, an outcome rejected by the Fifth Circuit.  *Flagg*, 647 Fed. App'x at 317.  Even if Defendant claims this evidence does not exist, Plaintiff should have the opportunity to verify through discovery and by questioning the relevant employees.

Defendant argues that "[t]o disregard the requirement that the pleadings allege facts regarding the timing of the hazard's existence, and thereby constructive notice of the hazard, would be to impose strict liability upon owners for any condition on their premises, an approach Texas courts have clearly rejected."  (Dkt. No. 40 at 5.)  Not so.  By reviewing the Second Amended Complaint under the 12(b)(6) standard, this Court has screened it to ensure that Plaintiff is not "merely on a fishing expedition" and that Defendant has sufficient notice of the claim to participate in discovery.  *Flagg*, 647 Fed. App'x at 319.  Denying the motion to dismiss only obliges Defendant to participate in the ordinary discovery process.  The burden is still on Plaintiff to prove Defendant had actual or constructive knowledge of the hazard.  Plaintiff may fail to meet this burden and lose on the merits at trial or upon a summary judgment motion. Defendant is in no danger of being held to a strict liability standard, Plaintiff is merely relieved from the burden of alleging facts which she cannot know without discovery.

### VII.    Analysis of Defendant's Arguments and Supporting Authorities

As discussed earlier, the purpose of a 12(b)(6) motion to dismiss is to dispose of suits when plaintiffs fail "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation marks omitted).  This is why 12(b)(6) motions to dismiss can be made before "the doors of discovery" are unlocked.  *Iqbal*, 556 U.S. at 678.  In contrast, "[s]ummary judgment [is appropriate when], after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Courts usually allow nonmovants time to discover facts which may refute the movants' arguments for summary judgment.  *See* Fed. R. Civ. P. 56(d)(2);  *Beverly v. Wal-Mart Stores, Inc.*, 428 Fed. App'x. 449, 451 (5th Cir. 2011) ("Rule 56(d) motions are generally favored and should be liberally granted.").

Defendant's argument that Plaintiff must plead detailed "facts showing Target had actual or constructive knowledge of the alleged [hazard]," is most viable as an argument in a post-discovery no-evidence summary judgment motion.  (Dkt. No. 31 at 1.)  This becomes evident when the authorities cited by Defendant are examined in detail.  For instance, Defendant cites *Briley* and *Garcia*, as examples of what Plaintiff should plead at the pre-discovery stage of a premises liability claim.  (Dkt. No. 40 at 3–4);  *Briley v. Wal–Mart Stores, Inc.*, 2018 WL 276368 (S.D. Tex. Mar. 16, 2018); *Garcia v. Wal-Mart Stores Tex., L.L.C.*, 893 F.3d 278 (5th Cir. 2018).  However, both of these cases are summary judgment rulings upon the evidence to determine whether a reasonable jury could return a verdict for the plaintiff.  *Briley*, 2018 WL 276368 at *1; *Garcia*, 893 F.3d at 281.  The plaintiffs' pre-discovery complaints in these cases

do not contain the detailed theories—that defendant's cheery display was inherently dangerous[14] and that defendant's auto-scrubber created the hazard[15]—which allowed the plaintiffs to withstand post-discovery summary judgment motions.  *Id.*  No 12(b)(6) motions to dismiss were made in these cases, but if Defendant's pleading standard had been used then these viable claims would been dismissed solely because plaintiffs were barred from developing their complaints through discovery.

Defendant also cited *Pay and Save*, *Reece* and *Wal-Mart Stores, Inc. v. Gonzalez* as cases outlining the pleading standard, but these were in fact appellate reviews of jury verdicts.  (Dkt. No. 31 at 2; Dkt. No. 40 at 4–5); *Pay and Save, Inc. v. Martinez*, 452 S.W.3d 923, 925 (Tex. App.—El Paso 2014); *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 935 (Tex. 1998).  These cases do not deal with what is

---

[14] The factual portion of Briley's complaint reads as follows:

> 5.  On or about July 18, 2014, Plaintiff Deanna Briley, resided at 225 east Main Street in Bishop Texas.  On or about  the date in question she went shopping at Defendants' Kingsville store.  As such, Plaintiff was a business invitee to whom Defendants owed a duty of care to protect her from injury.  On or about July 18, 2012, Plaintiff was walking in an aisle between the Produce Section and a Clothing Section when she slipped on some Cherries that were spilled on the floor in the aisle causing Plaintiff to fall.  As a result of this incident, Plaintiff Deanna Briley suffered severe injuries and damages.  Defendant's had the sole responsibility for the safe maintenance, inspection, and control of the aisle in their store.  Plaintiff sustained permanent injuries to her body, as more fully set forth below.

Pl.'s First Am. Compl. at 2, 2:15-CV-439, Dkt. No. 16.

[15] The factual section of Garcia's complaint is excepted below:

> 10.  The accident happened at about 6:30 a.m., on June 9, 2015.  Plaintiff arrived at Wal-Mart Store # 0772 to pick up a cup of coffee.  The store is located 3506 Highway 6 S., Houston, Texas 77082.  Plaintiff was wearing flat rubber-soled shoes, and he was not using a shopping cart as he only intended to grab a cup of coffee.
> 11.  As Plaintiff entered into the store, Plaintiff stepped onto a puddle of clear liquid (presumably water), slipped, and fell awkwardly to the floor.  There was at least one employee standing nearby when the accident occurred, as there is generally a greeter at the store's entrances.  Immediately after slipping, an employee came to Plaintiff's aid to help him up.

Pl.'s Original Compl. at 3-4, 4:16-CV-514, Dkt. No. 1-2.

required in a complaint, but rather what evidence is necessary to support a jury's findings. Defendant's reliance on cases reviewing jury verdicts shows that their arguments are more relevant to the case's ultimate merits and the evidentiary proof standard rather than the pre-discovery federal notice pleading standard.[16]

In Texas premises liability cases removed to federal court, the temporal element and proof of defendant's actual or constructive knowledge becomes decisive at the summary judgment stage. In just the past year, defendants in Texas have won at least eleven reported cases on summary judgment motions claiming plaintiffs offered no proof of their actual or constructive knowledge.[17] Many complaints, which are sufficient pre-discovery, eventually fail to meet the post-discovery burden of proof required by Texas on issues such as the temporal

---

[16] Defendant also cited *Brinson Ford Inc. v. Alger* and *Murray v. Chick-Fil-A, Inc.*, but cases also address motions for summary judgment made after discovery was conducted. (Dkt. No. 31 at 2: Dkt. No. 40 at 4); 228 S.W.3d 161, 162 (Tex. 2007); 626 F. App'x 515.

Defendant did cite several cases decided on 12(b)(6) motions to dismiss. (Dkt. No. 40 at 3.) *Sinclair v. Petco Animal Supplies Stores, Inc.* is distinguishable because it is a Louisiana, as opposed to Texas, case and the plaintiff failed to plead the bare minimum, not even "alleg[ing] what merchandise was on the floor or how it was arranged [when he tripped over it]." No. CIV.A. 13-6179, 2013 WL 6858457, at *2 (E.D. La. Dec. 30, 2013); *See also Sinclair v. Petco Animal Supplies Stores, Inc.*, 581 Fed. App'x. 369 (5th Cir. 2014). *Allen v. Wal-Mart Stores, LLC*, is distinguishable because the claim was based on the sale of a product, rather than a premises defect. 907 F.3d 170, 176 (5th Cir. 2018). *Moseley v. Carnival Corp.* is distinguishable because plaintiff attempted to hold a cruise line liable for a premises defect at a port of call, which was outside of defendant's knowledge. 593 Fed. App'x 890, 893 (11th Cir. 2014). Lastly in *Dowdell v. Love's Travel Stop*, a *pro se* plaintiff's suit was dismissed because it made incognizable claims under federal statutes such as the Americans with Disabilities Act. No. 7:12CV00516, 2013 WL 3655666, at *2 (W.D. Va. July 13, 2013). The issue of defendant's actual or constructive knowledge was never reached by the district or appellate courts. *Id.*; *Dowdell v. Love's Travel Stop*, 544 Fed. App'x 199 (4th Cir. 2013).

[17] *See Alvarado v. Kohl's Dep't Stores, Inc.*, No. 7:18-CV-35, 2018 WL 5411041 (S.D. Tex. Oct. 29, 2018); *Juarez v. Target Corp.*, No. SA-18-CV-364-XR, 2018 WL 4856769 (W.D. Tex. Oct. 5, 2018); *Dunn v. Wal-Mart Stores, Inc.*, No. 3:17-CV-1187-K, 2018 WL 4772408 (N.D. Tex. Oct. 3, 2018); *Walicki v. Walmart Stores Tex., LLC*, No. 9:17-CV-41, 2018 WL 3603089 (E.D. Tex. June 22, 2018); *Reed v. Wal-Mart Stores Tex., LLC*, No. 4:17-CV-0679, 2018 WL 2335357 (S.D. Tex. Apr. 25, 2018); *Benedetti v. Wal–Mart Stores Tex., LLC*, 5:16–CV–604–DAE, 2018 WL 2996900 (W.D. Tex. Apr. 12, 2018); *Yanez v. Cajun Operating Co.*, No. 7:17–CV–00265, 2018 WL 2335465 (S.D. Tex. Apr. 5, 2018); *Hammond v. Kroger Texas, L.P.*, No. 4:17-CV-00477, 2018 WL 588289 (E.D. Tex. Jan. 29, 2018); *Alaniz v. Target Corp.*, No. 3:17-CV-00260-N, 2018 WL 1536637 (N.D. Tex. Jan. 25, 2018); *Villarreal v. Family Dollar Stores of Texas, LLC.*, No. B: 16–232, 2018 WL 735707 (S.D. Tex. Jan. 8, 2018); *Asbell v. Wal-Mart Stores Tex., LLC*, No. 4:17-CV-00273, 2017 WL 6559259 (E.D. Tex. Jan. 22, 2017).

Based on a review of their docket sheets, 12(b)(6) motions to dismiss were not made in any of the above cases.

22

evidence necessary to show defendants' constructive knowledge of a hazard.  *Supra* footnote 17. As such, Defendant's instant motion should be denied, but Defendant should be allowed to reargue these issues without prejudice after discovery is complete in a motion for summary judgment.

### Recommendation

Plaintiff's Second Amended Complaint states a plausible claim for relief on the basis of Defendant's actual and constructive knowledge.  The new material facts that an employee of Defendant was close to the hazard and that another employee initialed the task log for restroom maintenance in close proximity to Plaintiff's injury makes the actual knowledge allegation plausible.  (Dkt. No. 27 at 8, 11−12.)  Additionally, in light of Plaintiff's limited access to crucial information and the accident's nature, she has also adequately plead upon information and belief that Defendant had constructive knowledge of the hazard.  Defendant cannot claim that they are lack sufficient notice as to the contours of Plaintiff's claim.  *See Wooten*, 788 F.3d at 499.  If anything, Defendant's arguments show that they have already identified potentially viable defenses regarding the   hazard's conspicuity and longevity, which should receive full consideration after discovery.  (Dkt. No. 40 at 4−5.)

In the Second Amended Complaint, Plaintiff has plead sufficient factual matter to state a plausible claim for relief as required by Federal Rule of Civil Procedure 8(a)(2) and the Fifth Circuit's application of *Twombly* and *Iqbal*, as outlined in the sample forms and as exemplified in other slip-and-fall complaints reviewed by federal courts and found sufficient to withstand 12(b)(6) motions to dismiss.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679; *see supra* footnotes 9, 10, 11, 12, 13.  Because it is reasonable to expect that further evidence on these allegations will be revealed through discovery, the undersigned **RECOMMENDS** that the

District Court, after an independent review of the record, **DENY** the Motion to Dismiss.  (Dkt. No. 31.)

## <u>Warnings</u>

The parties may file objections to this Report and Recommendation, unless they waive the right to do so.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report— or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

Signed on February 8, 2019, at Laredo, Texas.

DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE

24